IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 4:CR-08-88 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| TARIK ROBERTS, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

August 19, 2008

**BACKGROUND**:

On February 28, 2008, a grand jury sitting in the Middle District of Pennsylvania handed down a one-count indictment against Tarik Roberts , charging him with possession of a prohibited object in prison under 18 U.S.C. § 1791(a)(2).  Roberts is an inmate at United States Penitentiary at Lewisburg who is alleged to have been carrying a shank in his sock which was discovered after he set off a metal detector.  Roberts has pled not guilty and jury selection is currently scheduled for September 3, 2008.

On June 20, 2008, Roberts filed three motions: 1) Motion to Compel Discovery (Rec. Doc. No. 25); 2) Motion to Dismiss Indictment for Selective Prosecution (Rec. Doc. No. 26); and 3) Motion to Dismiss Indictment for Pre-

Indictment Delay (Rec. Doc. No. 27).  Opposing and reply briefs have been filed for each motion and the matters are ripe for disposition.  For the following reasons, we will deny all three motions.

**DISCUSSION:**

### I.  Motion to Dismiss for Pre-Indictment Delay

In order to succeed on his motion to dismiss for pre-indictment delay, defendant must show that the delay is "a deliberate device to gain advantage over him and that it caused him actual prejudice in presenting his defense." U.S. v. Gouveia, 467 U.S. 180, 192 (1984).  In his motion, defendant complains that despite allegations that the offense occurred on June 15, 2007, the indictment was not returned until February 28, 2008.  (Rec. Doc. No. 29, at 1-2.)  He further contends that the lack of any justifiable basis for this delay indicates that it "it is the result of a tactical decision to wait until [defendant] was subject to administrative sanctions by the BOP and thereby substantially impaired in his defense of these allegations."  (Id. at 3-4.)  Furthermore, defendant asserts that it "may likely be revealed that there are witnesses . . . who are no longer available to testify." (Rec. Doc. No. 29, at 3.)  Finally, he argues that his release date had been slated for early November 2008 and that after being sanctioned administratively for

his conduct, he had no reason to believe that an indictment would follow.  (Id. at 4.)

      We find that defendant's arguments that the government deliberately delayed indictment and that defendant will be prejudiced to be entirely speculative. There is simply nothing to suggest that the government deliberated delayed indictment.  Similarly, defendant does not point towards any actual witnesses who will no longer be available.  Any defendant alleging pre-indictment delay could easily make these same arguments: that the passage of time without any justification indicates that it is a tactical decision to gain advantage over the defendant and that there is the possibility that witnesses may no longer be available.  Yet, these speculative arguments, without more, are not sufficient to satisfy defendant's burden.  Furthermore, even if the government had all of the information it needed to convict defendant, prosecutors are not obligated to file charges before their investigations are complete, even if they have marshaled enough evidence to prove guilt beyond a reasonable doubt.  United States v. Gouveia,  U.S. v. Gouveia, 467 U.S. 180, 192 (1984) (citing United States v. Lovasco, 431 U.S. 783, 792-795 (1977)).  Finally, we are confused by defendant's argument regarding his surprise over the indictment.  We do not understand how any surprise he may have had would be relevant to whether the government

unlawfully delayed his indictment.

Therefore, for the reasons we have discussed, we will deny defendant's motion to dismiss for pre-indictment delay.

## II.  Motion to Dismiss for Selective Prosecution

In order for defendant to succeed on his motion to dismiss for selective prosecution, he must prove that 1) others similarly situated have not been prosecuted for similar conduct and 2) the government's discriminatory selection was based on impermissible grounds such as race, religion, or some other arbitrary classification.  Wayte v. U.S., 470 U.S. 598, 601-08 (1985).

Here, defendant asserts that in this judicial district, inmate contraband cases are not consistently referred for prosecution.  (Rec. Doc. No. 31, at 3.)  Rather, defendant asserts that such cases are selectively referred for prosecution based on the inmate's release date status.  (Id. at 3-4.)  In other words, defendant appears to believe that the closer the inmate is to being released the more likely it will be that his case is referred for prosecution.  (Id.)

The problem with defendant's argument is that even if we assume that he is correct that inmate contraband cases are referred on the basis of the inmate's release date, we do not conclude that this is sufficient to state a claim for selective prosecution.  An inmate's release date, unlike a ground such as race or religion, is

4

not a suspect classification. Similarly, we do not conclude that such a classification is arbitrary. As the government correctly points out, concluding that consideration of an inmate's release date was impermissible would interfere with the prosecution's obligation to weigh the deterrent effect of a criminal prosecution. (Rec. Doc. No. 35, at 5.) A prosecution for an inmate in possession of contraband has a greater deterrent effect on an inmate serving a shorter term than one serving a life sentence. (Id.) Therefore, we will deny this motion.

### III.  Motion to Compel Discovery

Defendant's motion to compel discovery is based on his selective prosecution claim. Essentially, he seeks discovery in order to prove that the BOP selectively refers prosecutions on inmate contraband cases on the basis of the inmate's projected release date. A defendant seeking discovery in support of a selective prosecution claim must produce "some evidence of differential treatment of similarly situated members of other races or protected classes." U.S. v. Armstrong, 517 U.S. 456, 468 (1996). As we stated above, even if the discovery showed exactly what defendant asserts, he would not have stated a claim for selective prosecution. Therefore, discovery would serve no purpose. Therefore, we will deny his motion to compel discovery.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss for Pre-Indictment Delay is DENIED. (Rec. Doc. No. 27.)

2. Defendant's Motion to Dismiss for Selective Prosecution is DENIED. (Rec. Doc. No. 26.)

3. Defendant's Motion to Compel Discovery is DENIED. (Rec. Doc. No. 25).

       s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge